JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY CONNER,
on behalf of herself and all others similarly situated

## DEFENDANTS
ALDINE RESTAURANT, LLC

**(b)** County of Residence of First Listed Plaintiff: Queens County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
C.K. Lee, Esq., Lee Litigation Group, PLLC
30 East 39th Street, Second Floor, New York, NY 10016
Tel: (212) 465-1188

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of Americans with Disabilities Act, 42 U.S.C. Section 12181, et seq.
Brief description of cause:
Plaintiff seeks injunction to the visually impaired

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____    DOCKET NUMBER: _____

DATE: 12-19-2017
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

MARY CONNER, on behalf of herself and all others similarly situated
v.
ALDINE RESTAURANT, LLC

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

12/19/2017          C.K. Lee, Esq.          Plaintiff
Date                Attorney-at-law         Attorney for

212-465-1188        212-465-1188           cklee@leelitigation.com
Telephone           FAX Number             E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: C/O Lee Litigation Group, PLLC, 30 E. 39th St, 2nd Floor, New York, NY 10016

Address of Defendant: 239 Chestnut Street, 3rd Floor, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, C.K. Lee, Esq., counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 12.19.2017    _____ Attorney-at-Law    CL 4086  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12.19.2017    _____ Attorney-at-Law    CL 4086  Attorney I.D.#

CIV. 609 (5/2012)

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

MARY CONNER,
on behalf of herself and all others similarly situated,

        Plaintiff,

        -against-

ALDINE RESTAURANT, LLC

        Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

---

Plaintiff, MARY CONNER (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, ALDINE RESTAURANT, LLC (hereinafter "Defendant"), and states as follows:

## INTRODUCTION

    1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant against the blind in the Commonwealth of Pennsylvania and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Defendant provides to its non-disabled customers through http://www.aldinerestaurant.com (hereinafter the "Website"). The Website provides to the public a wide array of the goods, services, and other programs offered by Defendant. Yet, the Website contains access barriers that make it difficult, if not impossible, for blind customers to

use the Website. Defendant thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including browsing menus and finding hours of operation online.

2. Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3. Specifically, the Website has many access barriers preventing blind people from independently navigating using assistive computer technology.

4. Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20/200. Some blind people who meet this definition have limited vision. Others have no vision.

5. Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are nearly 300,000 visually impaired persons in the Commonwealth of Pennsylvania.[2]

6. Many blind people enjoy using the Internet just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service food industry and from independently accessing the Website.

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] "Pennsylvania," *American Foundation for the Blind*, last modified January 2017, http://www.afb.org/info/blindness-statistics/state-specific-statistical-information/pennsylvania/235.

2

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links, and resizable text, and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. Defendant's sighted customers can independently browse, select, and find Defendant's menu and hours of operation without the assistance of others. However, blind people must rely on sighted companions to assist them in browsing Defendant's menu and finding hours of operation on the Website.

8. By failing to make the Website accessible to blind persons, Defendant is violating basic equal access requirements under federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10. Plaintiff intended to find Defendant's hours of operation and browse the restaurant's menu on the Website, but was unable to successfully do so due to accessibility barriers. Unless Defendant remedies the numerous access barriers on the Website, Plaintiff and Class members will continue to be unable to independently navigate, browse, and use the Website.

11. This complaint seeks declaratory and injunctive relief to correct Defendant's policies and practices to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the Website so that Plaintiff and the proposed Class and Subclass of customers who are blind will be

able to independently and privately use the Website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA").

13. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a). Defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania based on the principle place of business of Defendant. Defendant is registered to do business in the Commonwealth of Pennsylvania and has been doing business in the Commonwealth of Pennsylvania. The restaurant location is owned by Defendant and is located in the Commonwealth of Pennsylvania. Defendant is subject to personal jurisdiction in the Commonwealth of Pennsylvania. Defendant also has been and is committing the acts alleged herein in the Commonwealth of Pennsylvania, has been and is violating the rights of consumers in the Commonwealth of Pennsylvania, and has been and is causing injury to consumers in the Commonwealth of Pennsylvania.

## PARTIES

14. Plaintiff is and has been at all times material hereto a resident of New York, New York.

15. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Plaintiff cannot use a computer without the assistance of screen reading software. Plaintiff has been denied the full enjoyment of the facilities, goods, and services of the Website, as a result

4

of accessibility barriers on the Website. Most recently in November 2017, Plaintiff attempted to browse Defendant's menu and find hours of operation on the Website, but could not do so due to the inaccessibility of the Website. The inaccessibility of the Website has deterred her and Class members from enjoying the goods and services of Defendant.

16. Defendant is an American for-profit corporation organized under the laws of the Commonwealth of Pennsylvania with a process of service address at 239 Chestnut Street, 3nd Floor, Philadelphia, PA 19106. Defendant has one location in Philadelphia, PA.

17. Defendant owns and operates Aldine Restaurant (hereinafter the "Restaurant"), which is a place of public accommodation located in Philadelphia, PA. The restaurant provides to the public important goods, such as brunch, beverages, and dinner. Among other things, the Website provides access to the array of goods and services offered to the public by Defendant. The inaccessibility of the Website has deterred Plaintiff from finding hours of operation and browsing menus online.

18. Plaintiff, on behalf of herself and all others similarly situated, seeks full and equal access to the services provided by Defendant through the Website.

## CLASS ACTION ALLEGATIONS

19. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

20. Plaintiff seeks certification of the following Pennsylvania subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in the

Commonwealth of Pennsylvania who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by Defendant, during the relevant statutory period."

21. There are hundreds of thousands of visually impaired persons in the Commonwealth of Pennsylvania. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

22. This case arises out of Defendant's policy and practice of maintaining an inaccessible website that denies blind persons access to the goods and services of the Website and the Restaurant. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse the Website and by extension the goods and services offered through the Website by the Restaurant.

23. There are common questions of law and fact common to the class, including without limitation, the following:

    (a) Whether the Website is a "public accommodation" under the ADA; and

    (b) Whether Defendant through the Website denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA.

24. The claims of the named Plaintiff are typical of those of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by failing to update or remove access barriers on the Website, so it can be independently accessible to the class of people who are legally blind.

25. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the Class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

26. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

28. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

29. Defendant operates the Restaurant, an American restaurant chain offering brunch, beverages, and dinner with one location in the Commonwealth of Pennsylvania.

30. The Website is a service and benefit offered by Defendant throughout the United States, including the Commonwealth of Pennsylvania. The Website is owned, controlled and/or operated by Defendant.

31. Among the features offered by the Website are the following:

   (a) information about the Restaurant, allowing persons who wish to dine at the Restaurant to learn its location, hours of operation, and phone numbers;

   (b) a menu;

   (c) a gallery of photos;

   (d) the ability to make reservations online; and

   (e) information about the Restaurant's social networks.

32. This case arises out of Defendant's policy and practice of denying the blind access to the Website, including the goods and services offered by Defendant through the Website. Due to Defendant's failure and refusal to remove access barriers to the Website, blind individuals have been and are being denied equal access to the Restaurant, as well as to the numerous goods, services and benefits offered to the public through the Website.

33. Defendant denies the blind access to goods, services and information made available through the Website by preventing them from freely navigating the Website.

34. The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

35. The blind access websites by using keyboards in conjunction with screen reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen reading software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access websites and the information, products, and services contained therein.

36. There are well established guidelines for making websites accessible to blind people. These guidelines have been in place for several years and have been followed successfully